ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **MUNICIPIO AUTÓNOMO DE SALINAS; ESTADO LIBRE ASOCIADO DE PUERTO RICO en representación del DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES**<br><br>Peticionario<br><br>v.<br><br>**PABLO VERGARA RAMOS; JUDITH AGNES RIVERA DÍAZ y la sociedad legal de gananciales compuesta por ambos**<br><br>Recurrido | KLCE202400865 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de **Guayama**<br><br>Civil Núm.: **GM2023CV00959**<br><br>Sobre: *Injunction Estatutario* |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de agosto de 2024.

Mediante *Petición de Certiorari* instada el 9 de agosto de 2024, comparece ante nos el Estado Libre Asociado de Puerto Rico, en representación del Departamento de Recursos Naturales y Ambientales de Puerto Rico (DRNA) (en conjunto, parte peticionaria) y solicita que revoquemos parcialmente la *Resolución* emitida el 2 de agosto de 2024, por el Tribunal de Primera Instancia, Sala Superior de Guayama (TPI). Por medio de ésta, el TPI declaró *No Ha Lugar* la solicitud de desestimación incoada por la parte recurrida, el señor Pablo Vergara Ramos, su esposa Judith Rivera Díaz y la Sociedad Legal de Bienes Gananciales compuesta por ambos (matrimonio Vergara Rivera); señaló vista de *injunction* para el 23 de agosto de 2024 y ordenó a la Secretaría expedir citaciones para la presentación

de testigos de la parte recurrida durante la vista. Ello, dentro de un pleito de *injunction* estatutario al amparo de la Ley Núm. 161-2009, *infra*.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

**I.**

El caso de referencia dio inicio con una demanda sobre *injunction* estatutario instada por el Municipio Autónomo de Salinas y el Estado Libre Asociado de Puerto Rico, en representación del Departamento de Recursos Naturales y Ambientales de Puerto Rico contra el matrimonio Vergara Rivera. Por no estar conforme con ciertas decisiones interlocutorias del TPI, el Municipio y el Departamento de Recursos Naturales acudieron ante este Foro mediante el recurso KLCE202400042.

El 16 de enero de 2024, dictamos *Sentencia*, por medio de la cual expedimos el auto de *certiorari*, revocamos los dictámenes recurridos y, en lo pertinente, dispusimos que la vista señalada por el Tribunal fuera una en sus méritos. De conformidad con nuestro mandato, el TPI convirtió la vista del 18 de enero de 2024 en un Juicio en su Fondo, a celebrarse de manera presencial.

No obstante, aun sin celebrarse la audiencia, y en contravención a nuestro decreto, el 23 de enero de 2024, el TPI dictó una *Sentencia*, mediante la cual declaró *con lugar* una moción para que se dictara sentencia por las alegaciones presentada por el Municipio Autónomo de Salinas y el Estado Libre Asociado de Puerto Rico, en representación del Departamento de Recursos Naturales y Ambientales de Puerto Rico. Consecuentemente, declaró *con lugar* la demanda sobre *injunction* estatutario.

En desacuerdo, el matrimonio Vergara Rivera incoó ante este Tribunal intermedio el recurso KLAN202400165. El 22 de abril de 2024 revocamos la sentencia apelada. En consecuencia, devolvimos

el caso al Tribunal de Primera Instancia "para la celebración de la vista, tal y como habíamos dispuesto anteriormente. Ello, a la mayor brevedad posible, considerando el carácter expedito de la Ley Núm. 161-2009."

Tras varios trámites, el 29 de julio de 2024, el matrimonio Vergara Rivera instó una *Moción de Desestimación bajo la Regla 10.2 de Procedimiento Civil,* por: (1) entender que el TPI no ostentaba jurisdicción sobre la materia y (2) por falta de partes indispensables. El Departamento de Recursos Naturales se opuso a la antedicha solicitud oportunamente.

Examinadas las posiciones de las partes, el 2 de agosto de 2024, el foro de instancia dictó la *Resolución* que hoy revisamos. Según adelantado, denegó la solicitud de desestimación del matrimonio Vergara Rivera. Además, pautó la vista de *injunction* para el 23 de agosto de 2024 y ordenó a la Secretaría expedir las citaciones correspondientes a ciertos testigos requeridos por el matrimonio Vergara Rivera.

Inconforme, el Estado Libre Asociado de Puerto Rico, en representación del Departamento de Recursos Naturales y Ambientales de Puerto Rico acude ante nosotros y aduce que el TPI cometió el siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al autorizar la expedición de más de diez (10) citaciones dentro del procedimiento especial y de carácter sumario contemplado en el Art. 14.1 de la Ley Núm. 161-2009, a pesar de que el caso está limitado a determinar si la parte recurrida ostenta o no permisos de construcción y usos para las construcciones objeto del litigio. Las citaciones fueron autorizadas sin tan siquiera requerir de la parte recurrida que acreditara la pertinencia y necesidad de los testimonios que se pretenden presentar.

El 19 de agosto de 2024, el Estado Libre Asociado de Puerto Rico, en representación del Departamento de Recursos Naturales y Ambientales de Puerto Rico instó una *Moción al Amparo de la Regla 79 del Reglamento de este Tribunal y en Auxilio de Jurisdicción,* con

el propósito de que se paralizaran los procedimientos en el foro *a quo*, hasta que resolviéramos el caso de referencia. Añadió que ningún efecto práctico tendría que se concediera el remedio solicitado en el presente recurso con posterioridad a que se le obligara atender a la vista en cuestión, sucumbiendo nuevamente en un procedimiento ordinario. Puntualizó que la paralización solicitada no tendría un efecto adverso en el caso, ni perjudicaría a las partes, toda vez que la vista no se atendería en un solo día por la cantidad de testigos y documentos que se pretenden presentar.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...".[1] Ante ello, prescindimos de la comparecencia de la parte recurrida.

## II.

### A.

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).[2]

---

[1] 4 LPRA Ap. XXII-B, R.7 (B)(5).

[2] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede

---

Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

**III.**

En esencia, la parte peticionaria aduce que el Tribunal de Primera Instancia se equivocó al autorizar la expedición de más de 10 citaciones para presentar el testimonio de ciertos testigos, los cuales, a su entender, son impertinentes y cuyo único efecto es atrasar y complicar un proceso que, por su propia naturaleza, debe ser sencillo. Razona que era necesario que el TPI pasara juicio sobre la materialidad, relevancia y pertinencia de dichos testimonios antes de ordenar las citaciones con las consecuencias nefastas que ello conlleva para este tipo de pleito. Hace hincapié en que, bajo el proceso del caso de referencia, lo único que se debe dilucidar es si la parte contra quien se solicita el interdicto tiene o no permisos para usar y construir una obra.

Al examinar los argumentos de las partes y el pronunciamiento sujeto a revisión, determinamos no intervenir con la actuación del TPI. En el caso de autos, el Tribunal, en el ejercicio de la discreción que ostenta en el manejo de los casos, ordenó la citación de los testigos traídos a su atención por la parte peticionaria. Toda vez que la vista está pautada para este viernes, 23 de agosto de 2024, colegimos que nuestra intervención con la decisión impugnada sería a destiempo. El planteamiento de la parte

peticionaria resulta prematuro, pues el TPI no ha efectuado ninguna determinación sobre los testigos concernidos.

En conclusión, el contenido del expediente no nos convenció utilizar nuestra función revisora en esta etapa de los procedimientos. Además, nada nos movió para inmiscuirnos en el manejo del caso y en la discreción ejercida por el Tribunal. De igual modo, no observamos ningún error por parte del foro primario al emitir la *Resolución* recurrida. Ahora bien, invitamos al tribunal de instancia sujetarse al trámite sumario y especial que dicta el estatuto bajo el cual se instó la demanda de epígrafe. Como expusimos en la *Sentencia* del 16 de enero de 2024 en el KLCE202400042:

> Recuérdese que, bajo el mencionado Art. 14.1 de la Ley Núm. 161-2009, solicitado el recurso de injunction correctamente, la labor del TPI se ciñe a evaluar los fundamentos y el derecho invocado. Si determina que la parte recurrida incurrió en la infracción alegada por la parte peticionaria, expedirá una orden de paralización. Resolver de otra manera contraviene la intención legislativa y el mecanismo sumario y limitado que dispone el referido Artículo.

Advertimos que la denegatoria de un recurso de *certiorari* no prejuzga los méritos del asunto o la cuestión planteada, y, por tanto, la misma puede ser reproducida nuevamente mediante el correspondiente recurso de apelación. *García v. Padró*, supra, citando a *Núñez Borges v. Pauneto Rivera*, 130 DPR 749(1992). Por ende, de surgir alguna circunstancia dentro de los procedimientos del caso, las partes tendrán la oportunidad de acudir ante este foro, de entenderlo necesario.

## IV.

Por las consideraciones que preceden, denegamos la expedición del auto de *certiorari*. Regla 40 del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 40. A su vez, se declara *No Ha Lugar* la *Moción al Amparo de la Regla 79 del*

*Reglamento de este Tribunal y en Auxilio de Jurisdicción* presentada por la parte peticionaria.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones